BALDINGER et al., Appellants, v. NAUGHTON, Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Louis Baldinger and another against Michael J. Naughton. No opinion. Motion for leave to discontinue appeal granted, upon payment, within 10 days, of $25 costs to the respondent; otherwise, motion denied, with $10 costs.

———

BALL, Appellant, v. DURHAM et al., Respondents. (Supreme Court, Appellate Division, Third Department. January 14, 1902.) Action by John C. Ball against George C. Durham and another. No opinion. Order affirmed, with costs.

———

BARLOW, Appellant, v. GILLET, Respondent. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Everett D. Barlow against Ransom H. Gillet. No opinion. Judgment unanimously affirmed, with costs.

———

BARONDESS, Respondent, v. KAMINSKY et al., Appellants. (City Court of New York, General Term. November, 1901.) Action by Joseph Barondess against Paul M. Kaminsky and others. William Klingenstein, for appellants. Henry Kuntz, for respondent. No opinion. Judgment and order affirmed, with costs.

———

BARSON et al. v. MULLIGAN et al. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by William G. Barson and another against Agnes K. M. Mulligan and another. No opinion. Motion denied.

———

BARTLES, Respondent, v. SCHWAB, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by William D. Bartles against Gabriel Schwab. No opinion. Motion denied.

———

BATES v. HOLBROOK et al. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Benjamin L. M. Bates against Frederick Holbrook and others. No opinion. Motion granted, on applicant giving a bond of $20,000.

———

BENNETT, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Julia C. Bennett against the Brooklyn Heights Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur, except GOODRICH, P. J., who dissents.

———

BERKELEY v. KENNEDY et al. (Supreme Court, Appellate Division, First Department. December 20, 1901.) Action by Lancelot M. Berkeley against Andrew J. Kennedy and another. No opinion. Motion denied.

———

BERNHARD, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Charles Bernhard against the Manhattan Railway Company. T. L. Waugh, for appellant. J. C. Bushby, for respondent. No opinion. Judgment modified, by reducing the amount awarded for fee damage to $1,000, and by reducing the judgment for rental damage, costs, allowance, etc., as entered, to the sum of $1,240.33, and, as so modified, affirmed, without costs to either party.

———

BERNSTEIN, Respondent, v. HASHARE, Appellant. (Supreme Court, Appellate Term. December, 1901.) Action by Isaac Bernstein against Isadore Hashare. Joseph Rosenszweig, for appellant. Marks & Marks (Joseph Fischer, of counsel), for respondent.

McADAM, P. J. The plaintiff's assignor, Abraham Rosenberg, on being introduced to the defendant, was asked by him whether he knew any business suitable for him, as he had a few thousand dollars to invest. Rosenberg said he had such a business in mind, and knew of a man who wanted a partner with means, but that the defendant would have to pay him $100 commission for his services. The parties thereupon proceeded to No. 26 Pitt street, where one Greeman and another had a business as iron workers. Rosenberg introduced the defendant to Greeman, and as a result of the introduction a partnership was formed between the two. There can be no doubt about the employment of Rosenberg by the defendant and that he accomplished the object of such employment. The only serious dispute is as to the rate of compensation, the defendant claiming that he first agreed upon $25, and afterwards upon $50, which he paid. Rosenberg claimed that $100 was the only price agreed upon, and at all times demanded by him, and that $50 was paid on account thereof, leaving $50 due, for which sum the justice awarded the plaintiff a judgment. The assignor certainly performed valuable services to the defendant, and the only issue seriously contested was whether the agreed price was $50 or $100. The justice found according to the plaintiff's contention, and it is impossible for us to determine that he was bound to decide the other way. The question, put to the witness Greeman, as to whether Rosenberg had tried to borrow money from the defendant, was properly ruled out as calling for a conclusion, not a conversation, and as incompetent, because no time had been fixed, either in the question or the offer that accompanied it. Rosenberg had transferred his claim on March 5, 1901. What he said or did after that could not prejudice his assignee, the plaintiff. The assignment is in legal form, and passed the cause of action to the plaintiff. Sheridan v. Mayor, etc., 68 N. Y. 30; Bedford v. Sherman, 68 Hun, 322, 22 N. Y. Supp. 892; Toplitz v. Bridge Co., 20 Misc. Rep. 578, 46 N. Y. Supp. 418; Costello v. Herbst, 18 Misc. Rep. 180, 41 N. Y. Supp. 574. There are no other exceptions in the case that require comment. The judgment must be affirmed, with costs. All concur.

———

BERNSTEIN v. MARX. (Supreme Court, Appellate Division, First Department. Febru-

ary 14, 1902.) Action by Isaac Bernstein against Nathan Marx. No opinion. Motion granted, with $10 costs.

BICKFORD & HUFFMAN CO., Respondent, v. GLEASON, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by the Bickford & Huffman Company against Frederick Gleason. No opinion. Judgment affirmed, with costs.

BILLINGS, Respondent, v. ALBRIGHT, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by Warren M. Billings against Frank Albright. No opinion. Motion for reargument denied, with $10 costs and disbursements.

BLACK v. VANDERBILT et al. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by E. Martin Black against William K. Vanderbilt and others. No opinion. Motion denied.

In re BLACKSTONE. (Supreme Court, Appellate Division, First Department. January 24, 1902.) In the matter of Timothy B. Blackstone. No opinion. Motion denied.

In re BOARD OF RAPID TRANSIT. (Supreme Court, Appellate Division, First Department. January 17, 1902.) In the matter of the board of rapid transit. No opinion. Motion granted.

In re BOARD OF RAPID TRANSIT RAILROAD COM'RS FOR CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) In the matter of the application of the board of rapid transit railroad commissioners for the city of New York for the appointment of three commissioners, etc.,—Brooklyn-Manhattan rapid transit. No opinion. Order signed.

In re BOARD OF RAPID TRANSIT RAILROAD COM'RS. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) In the matter of the application of the board of rapid transit railroad commissioners for the appointment of three commissioners to determine whether a rapid transit railway ought to be constructed and operated,—Brooklyn-Manhattan rapid transit. Report of commissioners confirmed. No opinion.

BOEHME v. WIRSING et al. (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by Emma A. Boehme against Odelia Wirsing and another. No opinion. Motion denied, with $10 costs.

BOEHME, Appellant, v. WIRSING et al., Respondents. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Emma A. Boehme, against Odelia Wirsing and another. J. Stearns, for appellant. C. J. Gerlich, for respondents. No opinion. Judgment affirmed, with costs.

BOSHART, Respondent, v. EASTON, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by Frank E. Boshart against Frederick S. Easton, impleaded, etc. No opinion. Judgment (69 N. Y. Supp. 623) affirmed, with costs, upon opinion of Hiscock, J., delivered at special term.

BRACHER v. McBRIDE. (Supreme Court, Appellate Division, First Department. March 7, 1902.) Submission of controversy between Thomas W. Bracher and Jessie C. McBride. Dismissed. J. L. Ward, for plaintiff. I. L. Miller, for defendant.

PER CURIAM. It appearing by concession of counsel in open court that there is now no controversy between the parties to this submission, the defendant having taken title, the submission should be dismissed, with costs to the plaintiff.

BRADSHAW v. VILLAGE OF FULTON. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) In the matter of the petition of Reuben Bradshaw for the appointment of commissioners to determine the compensation to which he is entitled as against the village of Fulton. No opinion. Judgment and order affirmed, with costs.

BRADY v. KENNEDY. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by William A. Brady against James C. Kennedy. No opinion. Motion denied, on payment of $10 costs.

BRADY, Respondent, v. KENNEDY et al., Appellants. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by William A. Brady, against James C. Kennedy and another. C. Kaldane, for appellants. D. Gerber, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 72 N. Y. Supp. 507, 1095.

BRENNAN v. ROBERTS. (Supreme Court, Appellate Division, Fourth Department. January 14, 1902.) Action by Roy C. Brennan, an infant, etc., against William Roberts. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

BRENNER, Appellant, v. ROBERTS, Respondent. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Roy Brenner, an infant, etc., against William Roberts. No opinion. Judgment affirmed, with costs.

In re BRENNER. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) In the matter of the application of Jacob Brenner to compel the delivery to him by William E. Melody of the books and papers of the office of commissioner of jurors. No opinion. Order staying proceedings affirmed, with $10 costs and disbursements.

In re BRILL. (Supreme Court, Appellate Division, First Department. November Term, 1901.) In the matter of Dehris Brill. Memorandum filed.